B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| James D Cunningham | Najarian Capital, LLC |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| | |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☑ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☑ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Violation of automatic stay before order granting relief was legally enforceable before I was even served the order, as well as while the stay was legally in place

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☑ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☑ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner – §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☑ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☑ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☑ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

FILED IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA
2018 SEP 17 PM 1:02
M. REGINA THOMAS
DEPUTY CLERK

| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☑ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>James D Cunningham | BANKRUPTCY CASE NO.<br>18 – 59411  BEM | |
| DISTRICT IN WHICH CASE IS PENDING<br>NDGA | DIVISION OFFICE<br>Atlanta | NAME OF JUDGE<br>BEM |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br> | | |
| DATE<br>9-17-18 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

2018 SEP 17  PM 1:02

M. REGINA THOMAS
CLERK
DEPUTY CLERK

| | |
|---|---|
| IN RE: | ) |
| | )    18-59411 BEM |
| JAMES D. CUNNINGHAM | )    Chapter 13 |
| | ) |
| DEBTOR | )    **JURY TRIAL DEMAND** |

## NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. 1452

Defendant James D. Cunningham, hereby files this Notice of Removal

pursuant 28 U.S.C. 1452. In support of this notice, Defendant states as folows:

1. Cunningham is a Defendant in a civil action comenced on August 27,
   2018, and served on August 28, 2018, in the Magistrate Court of Dekalb
   County, CAN No. 18D55396 (the „Magistrate Court Action"). Pursuant
   to sections 1452 of Title 28 of the United States Code, Defendant
   removes this case to the United States Bankruptcy Court for the
   Northern District of Georgia, the judicial district in which this action is
   pending.

2. Removal of this action is appropriate under U.S.C. 1441 and 1452, as
   Defendant is asserting federal bankruptcy causes of action.

3. CAN No. 18D55396 establishes that Defendant's right to relief
   necessarily depends on resolution of a substantial issue concerning a
   core proceeding of bankruptcy law under 28 U.S.C. Title 11, as the
   subject matter contemplates repeated violations of the automatic stay
   prior to any order of relief from the stay becoming legally enforceable.

4. This Court therefore has original jurisdiction of the above entitled action

1

pursuant to U.S.C. 1331, and removal to this Court of this action is proper pursuant 28 U.S.C. 1441 and 1452.

5. AS required by 28 U.S.C 1446, a copy of all process and pleadings in the Magistrate Court Action is attached hereto as Exhibit „A", such that Defendant is possession of; Defendant will provide anysuch additional pleadings to the Court, if and as such become available to Defendant.

6. A removal notice together with a copy of Defendant's Notice of Removal Pursuant to 28 U.S.C. 1452 shall be filed with the Clerk of Dekalb County Magistrate Court, State of Georgia, and shall be served upon Plaintiff.

WHEREFORE, for the foregoing reasons, James D. Cunningham respectfully requests that this action proceed in this Court, pursuant 28 U.S.C. 1452.

Respectfully submitted this 17th day of September, 2018.

James D. Cunningham
4313 Executive Drive
Stone Mountain, GA 30083

2

# EXHIBIT A

# MAGISTRATE COURT OF DEKALB COUNTY, STATE OF GEORGIA
## DISPOSSESSORY WARRANT

NAJARIAN CAPITAL LLC
6065 ROSWELL ROAD NE STE 880
ATLANTA GA 30328 470-639-8910

**EXPEDITED**

### VS

**CASE #**    18D55396

JAMES DANIEL CUNNINGHAM, , , , ,
AND ALL OTHER OCCUPANTS
4313 EXECUTIVE DR.
STONE MOUNTAIN GA 30083

| Attorney: |
| --- |
| c2c/NAJARIAN CAPITAL LLC |
| Evict # |

Personally appeared the undersigned who upon oath says that he is **AGENT** for the owner of said premises, and that Defendant is in possession as tenant of premises at the above address in DeKalb County

**FURTHER:**
TENANT FAILS TO PAY THE RENT WHICH IS NOW DUE;POSSESSION;

The said owner desires and has demanded possession of said house and premises, and the same has been refused by the said defendant and affiant makes this affidavit that a warrant may issue for the removal of said defendant together with his property from said house and premises

**PLAINTIFF PRAYS:**
(a) judgment for the past due rent in the amount of $4,200.00 for the month(s) of JUNE;JULY;AUGUST;
(b) rent accruing up to the date of judgment or vacancy at the rate of $1,400.00 per month
(c) Other: $ - TENANT IS TO PAY COURT COSTS OF $124.00.

*By affixing this electronic verification, oath, or affidavit to the pleading(s) submitted to the court and attaching my electronic signature hereon, I do hereby swear or affirm that the statements set forth in the above pleading(s) are true and correct.

**Affiant: /s/OKSANA SEPICH        8/27/2018**

### SUMMONS
**TO THE MARSHAL of the State Court of DeKalb County or his lawful deputies, GREETINGS:**
The defendant herein is hereby commanded and required personally or by attorney to file with the Clerk of the Magistrate Court of DeKalb County, 2nd Floor, Suite 270, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough St., Decatur, Georgia within seven (7) days from the date of service of the within affidavit and summons(or on the first business day thereafter if the seventh day falls on Saturday, Sunday or legal holiday) then and there to answer said affidavit in writing or orally (orally means in front of a deputy clerk). If such answer is not made to said affidavit on or before the ___1___ day of _____ , 2018, a writ of possession shall issue instanter as by law provided, and a judgment by default will be taken against you for all rents demanded in the complaint.
**WITNESS, the Honorable Judges of said Court**

### PRIVATE PROCESS SERVER AFFIDAVIT OF SERVICE
I have served the foregoing Affidavit and Summons on the Defendant(s) by delivering a copy of same;
( ) PERSONALLY ( ) DEFENDANT NOT FOUND AT WITHIN ADDRESS ON SAID SUMMONS AND AFFIDAVIT
( ) NOTORIOUSLY to a person sui juris residing on the premises (NAME) _____ Age____ Wt.____ Ht.____
(X) TACK & MAIL By posting a copy to the door of the premises and depositing a copy in the U.S. Mail, First Class in an envelope properly addressed after attempting personal service. Said copy containing notice to the Defendant(s) to answer at the hour and place in said summons.

DATE OF SERVICE: **August _____ 2018**

**Professional Process Server:**

MAGISTRATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

NAJARIAN CAPITAL LLC            )
                               )     Case # 18D55396
        vs                      )
                               )     JURY DEMAND
JAMES DANIEL CUNNINGHAM    )

## DEFENDANT'S ANSWER
### and
## MOTION TO DISMISS FOR LACK OF JURISDICTION

Comes now Defendant James Daniel Cunningham and files his Answer and

Motion to Dismiss for Lack of Jurisdiction.

Plaintiff has no legal right in support of this claim.

No legal notice was given Defendant.

No lease exists between Plaintiff and Defendant for the amount stated in

Defendant's claim, or any other amount – there is no lease agreement between these

parties relative to the subject property or any other property.

Jurisdiction over this matter lies in the U.S. Bankruptcy Court Northern District of

Georgia, Case No. 18-59411 BEM.

In consideration of the within and foregoing, Defendant respectfully moves this

Court to DISMISS this action with prejudice.

Submitted this 5th day of September, 2018 by:

James D. Cunningham
4313 Executive Drive
Stone Mountain, GA 30083

## Certificate of Service

I, the undersigned, do hereby certify that I have, this 5th day of September, 2018, served the within and foregoing upon the following, with proper first class   postage applied.

Oksana Sepich
Najarian Capital, LLC
6065 Roswell Road, Suite 880
Atlanta, GA 30328

James D. Cunningham

MAGISTRATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

NAJARIAN CAPITAL LLC )
) Case # 18D55396
vs )
) JURY DEMAND
JAMES DANIEL CUNNINGHAM )

## DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS FOR LACK OF JURISDICTION

Comes now Defendant James Daniel Cunningham and files his Supplemental

Brief in Support of His Motion to Dismiss for Lack of Jurisdiction.

Jurisdiction over this matter lies in the U.S. Bankruptcy Court Northern District of

Georgia, Case No. 18-59411 BEM.

On August 31, 2018, Defendant timely filed his BRCP Rule 9023 Motion to

Amend Judgment [Ex. A] against that court's August 17, 2018 Order Denying Motion to

Continue and Motion to Recuse or Disqualify Judge and Trustee and Change of Venue

or in the alternative Voluntarily Dismiss and Notice of D.O.J. Complaint. The motion is

pending and enforcement of the order is stayed by law, with jurisdiction over the

Defendant and the subject property remaining in the Bankruptcy Court.

On August 24, 2018 the Bankruptcy court entered its Order Granting Motion to

Validate Foreclosure Sale. (Ex B)

Plaintiff has unclean hands.

On August 27, 2018 Plaintiff filed the instant action in this Court, and did so

without standing. The Order Plaintiff moved under had not yet become legally

enforceable, and had not even been served upon Defendant yet.

Also on August 27, 2018 Plaintiff sent a representative to Defendant's home to harass Defendant, and before the court order Plaintiff moved under had become legally enforceable.

Also on August 27, 2018 Plaintiff engaged Defendant in a series of harassing emails, even after Defendant's repeated admonishment that Plaintiff had no legal right to do so.

On September 5, 2018 Defendant filed his Rule 9023 Motion to Amend Judgment against the Order Granting Motion to Validate Foreclosure. (Ex C). The motion is pending and enforcement of the order is stayed by law, with jurisdiction over the Defendant and the subject property remaining in the Bankruptcy Court.

In consideration of the within and foregoing, Defendant respectfully moves this Court to DISMISS this action with prejudice.

Submitted this 14th day of September 2018 by:

_____

James D. Cunningham
4313 Executive Drive
Stone Mountain, GA 30083

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

2018 AUG 31 PM 3: 45

M. REGINA THOMAS
CLERK
BY
DEPUTY CLERK

IN RE:                                    )
                                          )     18-59411 BEM
JAMES D. CUNNINGHAM                       )
                                          )     Chapter 13
DEBTOR                                    )

## RULE 9023 MOTION TO AMEND JUDGMENT

Comes now James D. Cunningham, Debtor in the above styled action, and

moves this Court to AMEND IT'S AUGUST 17, 2018 ORDER and JUDGMENT.

The Court denied Debtor his constutionally protected rights to due process by

not allowing Debtor to be heard, and any such jusgment risaing oukt of the August

15, 2018 hearing is void.

### BRIEF IN SUPPORT TO FOLLOW

In consideration of the within and foregoing, Debtor moves this Court to

amend its Augiust 17, 2018 Order and Judgment and continue the August 15, 2018

hearing.

Respectfully submitted this 31st day of August, 2018.

James D. Cunningham
4313 Executive Drive
Stone Mountain, GA 30083

1

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have, this 31st day of August, 2018, served   the
within and foregoing **MOTION** upon the following, with proper first class postage applied.

Rubin Lubin, LLC
3145 Avalon Ridge Place #100
Peachtree Corners, GA 30071

Sonya N. Buckley Attorney for the
Chapter 13 Trustee
191 Peachtree St. Suite 2200
Atl, GA 30303

James D. Cunningham

**IT IS ORDERED as set forth below:**

**Date: August 21, 2018**

_____

**Barbara Ellis-Monro**
**U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | |
| JAMES DANIEL CUNNINGHAM, | CASE NO. 18-59411-BEM |
| Debtor. | CHAPTER 13 |
| FREEDOM MORTGAGE CORPORATION, | |
| Movant, | |
| v. | Contested Matter |
| JAMES DANIEL CUNNINGHAM, | |
| Respondent. | |

### ORDER GRANTING MOTION TO VALIDATE FORECLOSURE SALE

This matter came before the Court on August 15, 2018, at 2:15 p.m., for a hearing on

Freedom Mortgage Corporation's ("Movant") Amended Motion to Validate Foreclosure Sale

[Doc. 25] (the "Motion") and Debtor's Response and Motion to Deny Amended Motion to

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

2018 SEP -5  PM 3: 25

M. REGINA THOMAS

DEPUTY CLERK

IN RE:                          )
                                )       18-59411 BEM
JAMES D. CUNNINGHAM             )
                                )       Chapter 13
DEBTOR                          )       JURY DEMAND

## RULE 9023 MOTION TO AMEND JUDGMENT

Comes now James D. Cunningham, Debtor in the above styled action, and

moves this Court to AMEND ITS AUGUST 21, 2018 ORDER and JUDGMENT

[Doc. 38].

The Court denied Debtor his constitutionally protected rights to due process by

not allowing Debtor to be heard, and any such judgment rising out of the August 15,

2018 hearing is void.

### BRIEF IN SUPPORT TO FOLLOW

In consideration of the within and foregoing, Debtor moves this Court to

amend its August 21, 2018 Order and Judgment [Doc. 38] and continue the August

15, 2018 hearing.

Respectfully submitted this 5th day of September, 2018.

James D. Cunningham
4313 Executive Drive
Stone Mountain, GA 30083

1

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have, this 5th day of September, 2018, served the within and foregoing upon the following, with proper first class postage applied.

Rubin Lubin, LLC
3145 Avalon Ridge Place #100
Peachtree Corners, GA 30071

Sonya N. Buckley Attorney for the
Chapter 13 Trustee
191 Peachtree St. Suite 2200
Atl, GA 30303

Joshua G. Crowe
48 Northlake Drive
Hartwell, GA 30643

John Turner
5013 Cagle Mill Rd.
Lula, GA 30554-2727

Oksana Sepich
Najarian Capital, LLC
6065 Roswell Road, Suite 880
Atlanta, GA 30328

James D. Cunningham

2

Certificate of Service

I, the undersigned, do hereby certify that I have, this 14th day of September, 2018, served the within and foregoing upon the following, with proper first class   postage applied.


Oksana Sepich
Najarian Capital, LLC
6065 Roswell Road, Suite 880
Atlanta, GA 30328

_____
James D. Cunningham

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have, this 17th day of September, 2018, served the within and foregoing upon the following, with proper first class postage applied, and also by email.

Oksana Sepich
      Najarian Capital, LLC
      6065 Roswell Road, Suite 880
Atlanta, GA 30328
Oksana@jarhouse.com

James D. Cunningham