**IT IS ORDERED as set forth below:**

**Date: May 7, 2019**

_____

**Barbara Ellis-Monro
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: | |
| James Daniel Cunningham, | CASE NO. 18-59411-BEM |
| Debtor. | CHAPTER 13 |
| Najarian Capital, LLC, | |
| Plaintiff in removed and remanded action, | |
| v. | ADVERSARY PROCEEDING NO. 18-5223-BEM |
| James D. Cunningham, | |
| Defendant in removed and remanded action. | |

## ORDER ON OUTSTANDING MOTIONS

This proceeding was commenced on September 17, 2018, when James D. Cunningham, Defendant herein ("Movant") removed a dispossessory proceeding from DeKalb

County Magistrate Court (the "Magistrate Court") to this Court[1]. This Court remanded the dispossessory action to the Magistrate Court because Movant's chapter 13 case had been dismissed and there was no bankruptcy purpose to be served by retaining the proceeding (the "Remand Order"). [Doc. 5]. Notwithstanding the Remand Order, on November 5, 2018 Movant filed a Motion for Default Judgment (the "Default Motion") in this proceeding. [Doc. 8].

Movant filed a proposed order on the Default Motion on January 25, 2019, that proposed to grant relief that was inconsistent with prior rulings of this Court and included findings that this Court had jurisdiction over the dispossessory action rather than the Magistrate Court. [Doc. 19]. Additionally, the proposed order granted affirmative relief to Movant and against Plaintiff in the removed action, Najarian Capital, LLC, ("Plaintiff") for: (i) violations of the automatic stay alleged in the coversheet to this proceeding, (ii) "reversal of the foreclosure deed on the property due to 548 fraudulent transfer," (iii) monetary damages of $200,000, (iv) a permanent injunction against claims to the property which is the subject of the dispossessory action or against Movant, and (v) a finding that the removal caused all action taken in the state court to be void because the state courts are without jurisdiction. *Id.* Movant also filed briefs regarding the Default Motion. [Docs. 22, 23, 25].

On February 26, 2018, the Court entered its order denying the Default Motion (the "DJ Order"). [Doc. 32]. On the same day, several hours prior to entry of the DJ Order, Movant filed an Emergency Ex Parte Motion for Temporary Injunctive Relief Pursuant to 28 U.S.C. 1452, 28 USC 1446(d) and 28 U.S.C. 1447(c) (the "Emergency Motion"). [Doc. 30]. In the Emergency Motion, Movant sought entry of an immediate injunction against "all other courts and specifically the Dekalb County Magistrate Court, from acting in 18D55396, pursuant to 28 USC 1452, 28 USC

---

[1] A more detailed procedural history is contained in this Court's Order Denying Default Judgment found at docket no. 32 in this proceeding.

2

1446(d) and 28 USC 1447(c)." *Id.* at 3. More specifically, Movant sought to enjoin a hearing scheduled to be held an hour and one half after the receipt of the Emergency Motion[2] because the removed action "is not an active case in the lower court, and the lower court has no jurisdiction to act." *Id.* at 1. Movant alleged further that the Magistrate Court was going to ignore the motions to dismiss he had filed, rule on a recusal motion and then enforce a void order contemplating issuance of a writ of possession against Movant's home, thereby causing irreparable harm to Movant. [Doc. 30, p. 1, 2]. Movant further asserted that, because Plaintiff had defaulted in the removed proceeding, violations of the automatic stay were admitted as was jurisdiction in this Court. And, regardless of this, because no certified copy of the Remand Order had been sent to the Magistrate Court jurisdiction had not re-vested in the state court such that even if a certified copy were to be issued pursuant to 28 U.S.C. § 1446(d) "the State court shall proceed no further unless and until the case is remanded." *Id.* at 3. This Court issued an Order and Notice of Hearing scheduling a hearing on an expedited basis on the Emergency Motion to be held on February 28, 2019[3] (the "Original Order and Notice") [Doc. 31].

On February 28, 2019, Movant filed a pleading titled FRBP Rules 9023 and 7062 Motion to Amend Order Denying Motion for Default Judgment (the "Motion to Amend DJ Order") [Doc. 35].

On March 1, 2019, at 1:02 p.m. Movant delivered his FRBP Rules 9023 and 7062 Motion to Amend Order And Notice of Emergency Hearing (the "Motion to Amend O&N") [Doc. 38]. In the Motion to Amend O&N, Movant asserts that the Court erred because it scheduled the

---

[2] The Emergency Motion was received in the Clerk's Office at 11:26 a.m. on February 26, 2019. The pleading was docketed at 12:30 p.m. the same day.

[3] Counsel for Plaintiff requested that the hearing be continued and heard on March 1, 2019 [Doc. 33] and Movant requested that the hearing be held in the afternoon of March 1. The Court accommodated each of these requests. [Doc. 34].

3

expedited hearing after the time a hearing was to be held in the Magistrate Court and did not grant Movant an immediate *ex parte* injunction staying the Magistrate Court hearing. At the rescheduled hearing held on the Emergency Motion on March 1, 2019 (the "Hearing"), the Court addressed the Emergency Motion and the Motion to Amend O&N. [Doc. 48]. The Court entered an order memorializing the hearing and stating that "for the reasons announced on the record" the Emergency Motion [Doc. 30] and the Motion to Amend O&N [Doc. 38] were Denied. [Doc. 40]. Movant then filed "Movant's FRBP Rules 9023 and 7062 Motion To Amend Doc. 40" (the "Motion to Amend Doc. 40"). In the Motion to Amend Doc. 40, Movant argues that the Court gave him time to file a brief in support of the Motion to Amend DJ [Doc. 35] as well as the Emergency Motion and the Motion to Amend O&N.

On March 8, 2019, Movant filed a document titled "Judicial Notice and Stipulation of Fact" [Doc. 43]. In this pleading, Movant states that he is "showing the Court the following indisputable facts:" and then sets forth several statements that the Remand Order is void for various reasons including: staleness, being a fraudulent forgery, lack of service on Movant of a certified copy of the Remand Order, failure to file a certified copy of the Remand Order in this proceeding, this Court is without jurisdiction after the certified copy was filed in the Magistrate Court on March 4 and this Court's later orders are void but the Remand Order is really the void order; that this Court held that the Remand Order became legally enforceable upon being filed in the Magistrate Court case which occurred after the hearings in the Magistrate Court held on September 18, 2018 and October 23, 2018; and finally, Movant argues that sending a certified copy of the Remand Order to the Magistrate Court "blindsided Movant" and has caused him to be delayed in filing promised briefs. *Id.* at 3. This document also states a brief in support will follow. *Id.* This document is not styled as a motion and appears to recite Movant's contentions as argued in his

4

briefs such that the Court construes this document as an additional statement of position and argument.

In addition to the Motions: (i) to Amend DJ, (ii) to Amend O&N, and (iii) to Amend Doc. 40, Movant also filed Debtor's Collateral Attack and Emergency Ex Parte Motion for Immediate Injunctive Relief (the "Collateral Motion") [Doc. 44] and a brief in support of the Collateral Motion. [Doc. 45]. Each of Movant's Motions to Alter or Amend contain the statement "Brief In Support to Follow" and the Collateral Motion contains the statement "Brief In Support Of All Movant's Pending Pleadings To Immediately Follow On March 15, 2019." [Docs. 41 p. 4; 44 p. 5]. On March 18, 2019, Movant filed a *Brief in Partial Support of Movant's Outstanding Pleadings* [Doc. 46]. Since March 18, Movant has not filed any other papers, and states at note 1 of docket no. 45 that, "Movant . . . will provide teh (sic) Court with the balance of his pleadings on Monday, March 18, 2019." [Doc. 45, p. 1]. Based on the passage of time and footnote 1 in docket number 45 the Court believes Movant has submitted all the briefs he wishes to submit. This Order will address each of the outstanding motions.

**Movant's Contentions**

In the several motions pending, Movant argues that because the Clerk of the Bankruptcy Court did not send a certified copy of the Remand Order to the Magistrate Court until March 4, 2019, that this Court retained jurisdiction until that time and further that because of the delay in certifying and mailing the Remand Order that order is now stale and void. Movant argues further that because this Court had jurisdiction until at least March 4, 2019, all actions of the Magistrate Court have been taken without jurisdiction and are thus void. Movant seeks an order from this Court enjoining the Magistrate Court from acting in the dispossessory action.

In addition, in the Motion to Amend Doc. 40 filed on March 5, 2019, Movant argues that he did not have sufficient time to prepare to argue that the DJ Order was incorrectly decided, that he was entitled to entry of an *ex parte* injunction and that the Court erred in not issuing an *ex parte* injunction as requested in the Emergency Motion when it scheduled the hearing on the Emergency Motion after the time the Magistrate Court was to hold a hearing. Movant states in the Motion to Amend Doc. 40 that "the Court agreed [to give him time to brief each of these points] and made relative oral ruling" so that docket 40 is incorrect because it states that the Emergency Motion and the Motion to Amend O&N were denied. [Doc. 41, p. 2]. Movant argues further that the Court was wrong in its conclusion, at the Hearing, that certification of the Remand Order is a ministerial duty of the clerk and of no effect on the enforceability of the Remand Order and that, in fact, this Court has jurisdiction until such time as the state court receives the certified copy of the remand order. Movant thus concludes that, because the DJ Order does not conclude that this Court had jurisdiction and the Magistrate Court did not, the issues raised in the Motion to Amend DJ, the Emergency Motion and the Motion to Amend O&N are intertwined and the Court must address all three because the Court is certain to determine that it had jurisdiction and the DJ Order as well as the statements made at the Hearing are incorrect. *Id.* at 3. Movant also states that 28 U.S.C. § 1446(d) requires that the state court cease acting unless and until the case is remanded to it. *Id.* at 2. Finally, Movant asserts that because the Motion to Amend O&N contained the statement that a brief would follow, the Court improperly denied Movant's right to provide the Court with any such support in ruling on the motion at the Hearing. [Doc. 41, p. 5].

**The Collateral Motion**

In the Collateral Motion, Movant argues that case law provides that jurisdiction does not become vested in the state court until the certified copy of a remand order is received by

6

the state court such that this Court retained jurisdiction over the dispossessory until at least March 4, 2019. [Doc. 44, p. 3]. In so arguing, Movant identifies four case names. [Doc. 45, p. 2; Doc. 46, p. 3-4]. The first case is *Bucy v. Nevada Construction Co.*, 125 F.2d 213 (9th Cir. 1942). In *Bucy,* the district court remanded a case and four days later vacated the remand order. The case proceeded to trial and judgment in the district court. On appeal, the losing party argued that the district court was without jurisdiction because it had issued its remand order and upon entering the order jurisdiction revested in the state court. The Court analyzed the language of 28 U.S.C. § 71[4], the predecessor to 28 USC § 1441, in determining that "immediately" in the statute meant as soon as practicable or within a reasonable time such that the remand order was subject to reconsideration by the district court until the order was certified and sent to the state court. The Court further stated that even if this were not the case, in the particular circumstances of this case, where the losing party failed to object at any time prior to entry of the order in which it lost that the losing party should not be able to wait to see whether it prevailed before objecting. The dissent disagreed with the opinion of the majority stating that "the judicial function of the federal court is exhausted and its authority terminated with the entry of the remand order. What thereafter remains to be done, if anything, is not a judicial act but the performance by the clerk of a purely ministerial function." *Id.* at 218. The dissent noted that the district courts had followed the rule that upon entry of the order the federal courts were divested of jurisdiction and that "no considered case from a district court holding to the contrary has been found. . . ." *Id.* at 220.

The second case Movant cites is *Browning v. Navarro,* 743 F.2d 1069 (5th Cir. 1984). In *Browning*, the Fifth Circuit decided that the prohibition on review of remand orders

---

[4] 28 U.S.C. § 71 provided: "Whenever any cause shall be removed from any State court into any district court of the United States, and the district court shall decide that the cause was improperly removed, and order the same to be remanded to the State court from whence it came, such remand shall be immediately carried into execution, and no appeal or writ of error from the decision of the district court so remanding such cause shall be allowed."

7

extended to review of a conditional remand order and that upon the parties' compliance with the condition contained in the remand order, the bankruptcy court was divested of jurisdiction. In discussing the policy behind the bar to review of remand orders, the Court noted that "[i]t is axiomatic that remanding a case to state court terminates the jurisdiction of a federal bankruptcy or district court over that case." *Id* at 1077 (citing *United States v. Rice*, 372 U.S. 742, 66 S.Ct 835 (1946)). In the citations following this statement, the court also said, "[t]he federal court is completely divested of jurisdiction once it mails a certified copy of the order to the clerk of the state court." (citing 28 U.S.C. § 1447(c) and *Bucy*, 1235 F.2d 213)). Importantly, the Fifth Circuit subsequently held in *Arnold v. Garlock, Inc.*, 278 F.3d 426 (5th Cir. 2001), that the certification requirement of 28 U.S.C. § 1447(c) does not apply to a remand order issued under 28 U.S.C. § 1452. While the Fifth Circuit does follow *Bucy* in general removal cases, Fifth Circuit authority does not support application of that interpretation to remand orders under § 1452.

The third case Movant identifies is *Federal Deposit Ins. Corp. v. Santiago Plaza*, 598 F.2d 634 (1st Cir. 1979). In that case, two sets of collection cases were pending before different district judges which resulted in orders denying remand in some of the actions and orders remanding in the others. An appeal was taken in the cases where remand was denied and upon learning of this the district judge, in the remanded cases, entered an order to stay any actions in the proceeding until the appeal in the non-remanded cases was decided. Plaintiff in the remanded actions began proceedings in state court which resulted in an order from the district court directing that Plaintiff withdraw the motion in state court and show cause why counsel should not be held in contempt for violating the stay order. That order was appealed. In addressing the appeal of that order, the First Circuit stated that "once a district court has decided to remand a case and has so notified that state court, the district judge is without power to take any further action." The Court

8

held further that the policy underlying the review prohibition of 28 U.S.C. § 1447(d) evidences a "strong Congressional policy that non-removable suits should not be tied up in lengthy appeals and motions for reconsideration in the federal courts." *Id.* at 637. The fact that two suits would be tried by state courts and five similar suits would be decided in federal court could not be changed given the strength of the policy evidenced in § 1447(d).

Finally, Movant identifies *Rosenberg v. GWCV Travel, Inc.*, 480 F. Supp. 95 (S.D.N.Y. 1979) in support of his § 1447(c) argument. In *Rosenberg,* the issue was whether diversity of citizenship and amount in controversy had been met. The sole reference to § 1447(c) is in a footnote that states "[e]ntry of an order of remand and mailing a certified copy to the State Court under 28 U.S.C. § 1447(c) completely divests the federal court of jurisdiction and reinvests the State Court with jurisdiction to proceed." *Id.* at 97, n. 3.  In so stating the district court cites *US v. Rice*, 327 U.S. 742, 66 S. Ct. 835 (1946).  That case answered, in the negative, the certified question of the court of appeals as follows: "[m]ay this court, by mandamus, review the judgment of the United States District Court for the Eastern District of Oklahoma ordering the remand of the proceeding to the County Court of Okfuskee County, Oklahoma?" In answering this question the Supreme Court simply stated that remand orders were not reviewable by writ of mandamus or otherwise and there was no exception for the United States. Thus, *Rosenberg* does not add anything to Movant's argument.

As noted, the Fifth Circuit does not apply § 1447(c) to remands under § 1452. That being the case it would seem that in the Fifth Circuit jurisdiction transfers back to the state court upon entry of a remand order by a bankruptcy court. It is true that the weight of authority follows the "general rule . . . that a district court loses jurisdiction over a case once it has completed the remand order by sending a certified copy of the remand order to the state court." *Trans Penn Wax*

9

*Corp. v. McCandless*, 50 F.3d 217 (3d Cir. 1995) (citation omitted); *see also Shapiro v. Logistec USA, Inc*. 412 F.3d 307 (2d Cir. 2005); *Agostini v. Piper Aircraft Corp*., 729 F.3d 350 (3d Cir. 2013); *accord Vogel v. U.S. Office Prods. Co.,* 258 F.3d 509 (6th Cir. 2001) (finding that the certification is what divests jurisdiction). However, as is evident from the dissent's opinion in *Bucy,* interpretation of §1447(c) is not beyond debate and indeed, the Fourth Circuit has held that entry of the remand order is what divests the court of jurisdiction. *In re Lowe*, 102 F.3d 731 (4th Cir. 1996); *see also Whiddon Farms, Inc. v. Delta and Pine Land Co*., 103 F. Supp. 2d 1310 (S.D. Ala. 2000) (finding that entry of the remand order divests the court of jurisdiction). The Eleventh Circuit has not ruled on this question and none of the cases cited by Movant is binding authority in the Eleventh Circuit.

As was articulated at the Hearing, this judge believes that remand is complete upon entry of the Court's order, a judicial function, rather than upon the completion of the ministerial functions of certification and mailing. *See* Fed. R. Bankr. P. 5006. Thus, this Court believes the dissent in *Bucy* and the Fourth Circuit opinion in *Lowe* represent the correct interpretation of a procedural statute, that is, § 1447(c).  This analysis has the additional benefit of being consistent with the Federal Rules of Bankruptcy Procedure for appeals because it is the filing of a notice of appeal—not the clerk's transmission of the notice to the appellate court—that divests a lower court of jurisdiction over the subject matter of the appeal. *In re Ocean Warrior, Inc.,* 835 F.3d 1310, 1318 (11th Cir. 2016) (citing *In re Williams*, 216 F.3d 1295, 1298 (11th Cir. 2000)); *Dorsey v. U.S. Dep't of Educ.*, 870 F.3d 359, 362 (5th Cir. 2017) ("The failure to file a timely notice of appeal in a bankruptcy case deprives the district court and this court of jurisdiction.")).

Movant argues that this Court should enjoin the Magistrate Court from acting because it is acting without jurisdiction. Certainly, 11 U.S.C. § 105(a) empowers the bankruptcy

10

courts to enjoin state court suits. *Alderwoods Group, Inc. v. Garcia*, 682 F.3d 958, 967 n.19 (11th Cir. 2012). However, such an injunction must be "necessary or appropriate to carry out the provisions of the Bankruptcy Code . . . such as when allowing a state-court claimant to prosecute his suit would frustrate administration of the bankruptcy estate." *Id*. (internal quotation marks and citations omitted); *see also, Law v. Siegel*, 571 U.S. 415, 412, 134 S. Ct. 1188, 1194 (2014) (stating that § 105 cannot be used in contravention of the Bankruptcy Code). "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. *See In re Fundamental Long Term Care, Inc*., 873 F.3d 1325, 1338 (11th Cir. 2017) (finding that a bankruptcy can enjoin state court proceedings if it falls within one of the three exceptions to 28 U.S.C. § 2283). The Court, as set forth above and in the DJ Order, does not agree that it retains jurisdiction over the dispossessory action so that no injunction would be warranted. *See Federal Deposit Ins. Corp. v. Santiago Plaza,* 598 F.2d at 636 (noting that "because the [district] court lacked jurisdiction it could not possibly issue the injunction in aid of its jurisdiction"). Moreover, even if the Court is incorrect about when jurisdiction is re-vested in the state court, this is not the type of proceeding in which this Court has the authority to enjoin a state court proceeding.

Here, Movant's main bankruptcy case was dismissed prior to the filing of the dispossessory action in Magistrate Court and prior to removal. [Doc. 32, p. 2]. In addition, prior to dismissal, this Court held that Movant's interest in the property that is the subject of the dispossessory amounted to a mere possessory interest such that there was no property of the estate at issue for the automatic stay (an injunction) to protect. [*See* Doc. 38, case no. 18-59411]. In this case, an injunction does not carry out the provisions of the Bankruptcy Code as there is no

11

bankruptcy estate to administer and an injunction would not aid this Court's jurisdiction. Finally, issuance of an injunction would undermine the Remand Order rather than protect or effectuate this Court's judgment which was to remand the dispossessory action to the Magistrate Court on October 15, 2018. Consequently, as was stated at the Hearing, Movant's remedy with regard to the Magistrate Court's actions is through the State appellate process, not in federal court. [Doc. 48].

### Motions to Alter or Amend

Movant seeks to alter or amend Doc. 40 and the DJ Order pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 9023, which makes Federal Rule of Civil Procedure ("Rule") 59 applicable to this proceeding. Relief under Bankruptcy Rule 9023 is rare and is granted only upon a showing of "newly-discovered evidence or manifest errors of law or fact." *Kellogg v. Schreiber (In re Kellogg)*, 197 F.3d 1116, 1119 (11th Cir. 1999); *Hearn v. Int'l Business Machines*, 588 Fed. App'x 954, 958 (11th Cir. 2014). Such motions cannot be used to relitigate issues already decided, to pad the record for an appeal, to substitute for an appeal, or to raise arguments which were or could have been raised before judgment was issued. *In re Kellogg*, 197 F.3d at 1120; *In re McDaniel*, 217 B.R. 348, 350–51 (Bankr. N.D. Ga. 1998) (Drake, J.); *In re Oak Brook Apartments of Henrico Cnty., Ltd.*, 126 B.R. 535, 536 (Bankr. S.D. Ohio 1991); *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992). Nor should such a motion be used "to test whether the Court will change its mind." *Brogdon ex. Rel Cline v. Nat'l Healthcare Corp.,* 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000) (citing, *McCoy v. Macon Water Auth.,* 966 F.Supp. 1209, 1233 (S.D. Ga. 1997); *Paper Recycling v. Amoco Oil Co.,* 856 F.Supp. 671, 678 (N.D. Ga. 1993)).

1. **Motion to Amend Doc. 40**

Movant argues that the Court granted his motion to allow briefing on the Motion to Amend DJ Order. This is correct and the order entered after the Hearing at Doc. 40 does not address the DJ Order. With respect to the Motion to Amend O&N and the Emergency Motion, the Court addressed the reasons why the Emergency Motion was being denied at the Hearing, that is, because it did not comply with Rule 65. [Doc. 48, p. 15-16]. With respect to the Motion to Amend O&N, as the Court explained at the Hearing, because the Emergency Motion did not comply with Rule 65 it could not be granted on an *ex parte* basis and further, because the Court disagreed with Movant's argument regarding this Court's jurisdiction there was no reason to hold a further hearing on the Emergency Motion. The Court did not grant Movant time to brief the Motion to Alter the O&N. However, in ruling on the Motions, the Court has considered all of Movant's briefs and pleadings and does not find that there is any basis to alter or amend Doc. 40 because the arguments raised by Movant have all been raised previously either in the proposed order on the Default Motion or at the Hearing and have been addressed in the DJ Order or at the Hearing[5].

2. **Motion To Amend DJ Order**

Movant argues that the deficiencies in the Default Motion as identified in the the DJ Order fall into two categories, those that the Clerk should have listed in the Notice of Deficiencies provided to Movant [Doc. 9] and those that the Court is "required to notice the pro se litigant that he did something iimproperly (sic), instruct the litigant on how to correct the

---

[5] Movant cites 28 U.S.C. § 1446(d) in his papers and asserts that it applied to require notice to the state court of the remand order through issuance and mailing of a certified copy of the Remand Order [Doc. 30]. Section 1446(d) addresses the procedure for notifying the other parties and the state court of removal from state court to federal district court. Its only reference to remand is that the state court cannot proceed further until the case is remanded. *See* 28 U.S.C. § 1446(d). Here the question is when a remand order issued by this Court is effective, not what a defendant or defendants must do in removing a civil action. Thus, § 1446(d) does not apply here. And, because the provisions of § 1446 are different than 28 U.S.C. § 1452, which addresses removal of claims over which the bankruptcy court has jurisdiction pursuant to 28 U.S.C. § 1334, and the procedures for such removal are set forth in Fed. R. Bankr. P. 9027, the Court does not believe § 1446 applies to bankruptcy and so stated at the Hearing. [Doc. 48, p. 6].

mistake(s) and opportunity to do so." [Doc. 46, p. 1]. Movant concludes that "'lying in wait' to sandbag the pro se litigant with a denial, instead is instead a denial of that litigant's – Movant's – right to due process." *Id.*

Movant argues further that the Court's ruling is incorrect because unless certification of the Remand Order is completed and received by the Magistrate Court jurisdiction is not revested in the State Court and that this Court has ordered § 1452 to vitiate § 1447(c) rather than allowing them to easily coexist. Finally, Movant indicates that he is unsure how to address the fact that a hearing was held on the Emergency Motion rather than the Court entering an *ex parte* injunction and the fact that the DJ Order directed the Clerk to issue a certified copy of the Remand Order.

Movant misunderstands the Court's role in this proceeding as well as the Court's obligations to *pro se* parties. Pleadings filed *pro se* are liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). "Even so, a *pro se* pleading must suggest (even if inartfully) that there is at least some factual support for a claim; it is not enough just to invoke a legal theory devoid of any factual basis." *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015). This generous pleading standard does not require the Court to re-write a deficient pleading or otherwise act as *de facto* counsel for the *pro se* plaintiff. *Standifer v. S.E.C.*, 542 F. Supp.2d 1312, 1316 (N.D. Ga. 2008) (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (overruled on other grounds)).

The Court has extended much latitude to Movant in allowing untimely briefing and duplicative pleadings that do not raise any new grounds for alleging errors by the Court. *See* [Docs. 19, 43, 44, 45, 46, 47 (all of which include the jurisdictional argument under § 1447(c))]. Further,

14

the Court stated in the DJ Order, at the Hearing and again here what it believes the correct interpretation of the law is with respect to the Remand Order, and any remand order it may issue. As previously explained, with respect to the Collateral Motion, the Court disagrees with Movant about the act necessary to re-vest jurisdiction in the state court. Movant's remedy is to appeal this Court, not continue to seek to determine if this judge will change her mind. *Brogdon ex. Rel Cline v. Nat'l Healthcare Corp.,* 103 F. Supp. 2d at 1338.

With regard to Movant's allegations stating that the Court was "flippant" and was "laying in wait," it appears that Movant believes the Court's role in this proceeding is as an adversary or litigant. [Doc. 46, p. 6-7]. This misconstrues the Court's role, which is to decide disputed factual issues and make determinations based upon the Court's determination of the law as applied to the specific facts before it. Having fully reviewed Movant's arguments, there is nothing asserted that points to newly-discovered evidence or manifest errors of law or fact, rather the motions restate arguments made at the Hearing and previously in this proceeding. There being no basis to alter or amend the O&N or the DJ Order, the motions will be denied. Accordingly, it is now hereby

> ORDERED that the Collateral Motion is DENIED. It is further
>
> ORDERED that the Motion to Amend Doc. 40 is DENIED. It is further
>
> ORDERED that the Motion to Amend DJ Order is DENIED.

**END OF ORDER**

## Distribution List

Kane St. John
St. John Law Firm, LLC
2164 Pawnee Dr.
Marietta, GA 30067

James D. Cunningham
4313 Executive Drive
Stone Mountain, Ga 30083